UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                          Case No. 17-20246

MARK WENGLASZ,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Mark Wenglasz pleaded guilty to assault in aid of racketeering, 18 U.S.C. §§ 1959(a)(2) and (3). (ECF No. 8.) On January 11, 2019, the court sentenced Defendant to thirty months imprisonment. (ECF No. 11, PageID.60.) His projected date of release is in August 2021. (ECF No. 17, PageID.103.)

Defendant has filed a "Motion for Compassionate Release." (ECF No. 14.) He argues the outbreak of the Coronavirus Disease ("COVID-19"), with his preexisting conditions of obesity and sleep apnea, supports a reduction of his term of imprisonment to time served. The government filed a response. (ECF No. 17.) The court has reviewed the record in this case and will deny Defendant's motion.

The court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements); *see also United States v. Kincaid*, 802 Fed. App'x 187, 188 (6th Cir. 2020).

Considering the sentencing factors under 18 U.S.C. § 3553(a), Defendant's early release is not warranted. Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 Fed. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a)'s factors).

Defendant was a member of an outlaw motorcycle gang, the Vigilantes Motorcycle Club ("VMC"). The gang was deeply and profitably involved with

3

manufacturing, using, and distributing illegal narcotics, among a myriad of other racketeering crimes and miscellaneous anti-social behavior, including extortion, robbery, and assault. (ECF No. 17, PageID.116-17.) The VMC operated in Metro-Detroit and various other Michigan locations. (ECF No. 8, PageID.27-29.) Defendant joined between 2009 and 2010. (ECF No. 8, PageID.29.)

Defendant served the criminal interests of the VMC; he threatened violence and committed attacks on others who interfered with the gang's narcotics trade. On June 6, 2012, a VMC member informed Defendant that a local heroin dealer was causing "trouble." (ECF No. 8, PageID.29.) Defendant worked with VMC leadership and developed a plan to attack the dealer. (*Id.*) He traveled with other gang members to the dealer's house. (*Id.*) They first assaulted the dealer's friend, then the dealer approached the group with knife. (*Id.*) Risking a deadly confrontation, Defendant responded by brandishing a handgun and threatening to shoot the dealer. (*Id.*) The dealer dropped the knife, and Defendant and his fellow VMC gang members severely beat the dealer. (*Id.*)

Defendant was charged with assault in aid of racketeering, 18 U.S.C. §§ 1959(a)(2) and (3), and pleaded guilty to the offense on June 19, 2017. (ECF No. 1, PageID.1.) Defendant received sentencing enhancements for committing an aggravated assault with more than minimal planning, U.S. Sentencing Guidelines Manual § 2A2.2(b)(1), using a dangerous weapon during the assault, U.S. Sentencing Guidelines Manual § 2A2.2(b)(2)(B), and inflicting serious bodily injury, U.S. Sentencing Guidelines Manual § 2A2.2(b)(3)(B). (ECF No. 8, PageID.30.) His advisory guideline range was forty-one to fifty-one months imprisonment. (*Id.*, PageID.37.) The court sentenced

Defendant to thirty months imprisonment, which was eleven months and over 25% below the lowest level of the guideline range. (*Id.*; ECF No. 11, PageID.60.)

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant was a member of a violent criminal gang. He worked with the gang to intimidate those who crossed its path. Defendant threatened deadly force and then severely beat a heroin dealer. (ECF No. 8, PageID.29.) Such acts of violence and intimidation were used to spread fear and enhance the VMC's power and influence, both in Metro-Detroit and across the State of Michigan. (ECF No. 8, PageID.27-29.) Defendant admitted he had committed an assault to aid the racketeering activities of the VMC. (*Id.*, PageID.18, 26.) Defendant states in his motion that he has served "25% of his sentence." (ECF No. 14, PageID.77.) If he receives the maximum good time credit allowed, he has a little over a year out of his thirty-month sentence to serve. (ECF No. 17, PageID.103.) Reduction of Defendant's sentence to time served is not appropriate.

**"[T]he need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). Defendant committed a violent crime; he did so conspicuously to maximize intimidation of the victim and others that interact with the VMC. (ECF No. 8, PageID.29.) The victim suffered serious injury as a result. (ECF No. 8, PageID.30.) This factor weighs against early release.

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). In calculating his guideline range, Defendant was given no criminal history points. (ECF No. 8, PageID.36.) He has

5

admitted to being an active member of the VMC for many years and helped coordinate serious acts of violence to advance the gang's interests. (*Id.*) Full completion of Defendant's thirty-month sentence would better impress on him the need to reject the criminal lifestyle offered by the VMC and other motorcycle gangs and refrain from committing further offenses. Defendant now has a violent crime on his record; his sentence for future offenses may be substantially greater.

**"[T]he need for the sentence imposed . . . to protect the public from further crimes of the defendant."** 18 U.S.C. § 3553(a)(2)(C). Defendant committed a violent crime and has connections with the extensive criminal underworld of outlaw motorcycle gangs. (ECF No. 8, PageID.29.) If released, Defendant may commit other offenses.

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). Defendant's guideline range was forty-one to fifty-one months imprisonment. (ECF No. 8, PageID.37.) His sentence was only thirty months. (ECF No. 11, PageID.60.) Release over a year early is not justified.

The outbreak of COVID-19 does not alter the court's analysis of § 3553's sentencing factors. Defendant argues he is obese and has sleep apnea. (ECF No. 14, PageID.77.) FCI Elkton, where Defendant is housed, has ninety-four confirmed cases among 2,247 inmates. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 25, 2020); *FCI Elkton*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/elk/ (last visited June 25, 2020). Seven staff members have tested positive. *FCI Elkton*, *supra*.

Although the conditions at FCI Elkton are cause for concern, they do not at this time support Defendant's release. 18 U.S.C. § 3582(c)(1)(A). The BOP has taken

actions to mitigate the spread of COVID-19 in the federal prison system. Inmates' internal movement is suspended, subject to narrow exceptions such as medical examinations; newly arriving inmates are screened for exposure risk and symptoms; symptomatic inmates, as well as asymptomatic inmates with exposure risk, are isolated; social visits have been canceled. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 22, 2020). (ECF No. 17, PageID.104-05.)

To release Defendant, the court would be left to speculate as to whether COVID-19 will continue to spread through FCI Elkton, despite the BOP's precautions, whether Defendant will contract the disease, and whether he will develop serious symptoms. (ECF No. 17, PageID.104-05.) Defendant may also have greater risk of exposure in free society, where there are tens of thousands of confirmed cases, and have less access to medical care than at FCI Elkton. *Coronavirus: Michigan Data*, State of Michigan, https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last visited June 22, 2020) (detailing reported COVID-19 cases across Defendant's home state of Michigan). (ECF No. 17, PageID.104-05.)

Defendant committed a violent assault against a heroin dealer simply because the dealer became a nuisance to the VMC. (ECF No. 8, PageID.29.) After a sentence eleven months below the lowest level of Defendant's guideline range, the court will not order his release over a year early, even considering the unique risks presented by COVID-19. (*Id.*, PageID.37)  Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 14) is DENIED.

                                                    s/Robert H. Cleland              /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2020, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                 /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20246.WENGLASZ.MotionforCompassionateRelease.RMK.2.docx